ORIGINAL

maxmendiola5k2

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
FEB - 6 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　vs.<br><br>MAX S. MENDIOLA,<br><br>　　　　　Defendant. | CRIMINAL CASE NO. 04-00056<br><br>**GOVERNMENT'S OPPOSITION TO ANY FURTHER GUIDELINES DEPARTURES** |

　　　　On September 22, 2005, the United States moved this Honorable Court for a one level downward departure from the guidelines sentencing level pursuant to USSG § 3E1.1(b) because the defendant timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If the court grants this motion, defendant's total offense level will be 29, with a sentencing range of 87-108 months. The government is recommending a sentence of 87 months incarceration.

　　　　Defendant has filed a request that the court depart from the applicable Guidelines offense level because, as set forth at ¶ 31, page 8 of the Presentence Report, a portion of the 47.47 grams which he attempted to possess with intent to distribute, was L-methamphetamine hydrochloride. Defendant correctly notes that the Sentencing Commission eliminated the distinction between the L- and D- isomers of methamphetamine hydrochloride in 1995. See USSG App. C (Amendment 517) (Nov.1995). Defendant does not dispute that he attempted to possess 47.47 grams net

weight of "ice," methamphetamine hydrochloride which was 80% or more pure. USSG 2D1.1(c), Note (C). Nor does he dispute that the appropriate Guidelines level for this quantity of ice is Level 30.

He argues that Note (C) is ambiguous and leaves open the possibility that a mixture containing L-methamphetamine hydrochloride is not considered "ice." To the contrary, the Guidelines specifically eliminated the distinction between types of methamphetamine; the definition of "ice" is not based upon type, but rather purity. Thus, a substance could be 100% L-methamphetamine, yet it would by definition constitute "ice." The Commentary to 2D1.1, note 5, clearly instructs that "[a]ny reference to a particular controlled substance in these guidelines includes all salts, isomers, all salts of isomers, and, except as otherwise provided, any analogue of that controlled substance."

Defendant argues that the court could make a departure based upon the higher percentage of L-Methamphetamine in this case, citing United States v. Mikaelian, 168 F.3d 380 (9th Cir. 1999). There, the defendant urged a downward departure based on Koon v. United States, 518 U.S. 81 (1996), urging that the low purity of the heroin he was dealing, only 4%, took him outside the "heartland" of the applicable Guidelines for such offenses. The sentencing court declined to make such a departure, and the Ninth Circuit affirmed. It held that the purity of the heroin could be a reason for departure, because it was not specifically forbidden by the Guidelines, and arguably constituted a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," id. at 109. It rejected the defendant's argument, however, because he had failed to present evidence that a 4% purity was unusually low.

Such reasoning cannot apply in this instance. The Guidelines penalties for heroin, and many other drugs as well, do not depend on the particular purity of the drug: any amount results in a fixed base offense level. Arguably, therefore, a lesser purity might be grounds for a Koons departure. The Sentencing Commission, however, has specifically provided that the purity of methamphetamine does matter: it is "ice" if it is 80% or higher, with harsher penalties as a result.

The Commission has also determined that only the purity, not the particular isomer, is the controlling factor. In short, the kind of methamphetamine cannot constitute a mitigating circumstance which has not adequately been taken into consideration by the Sentencing Guidelines Commission in formulating the guidelines, and therefore cannot be considered a factor in sentencing.

RESPECTFULLY SUBMITTED this 6th day of February, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

- 3 -